UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUINTELL R. NOEL,

    Petitioner,

v.

                             Case Number 2:20-CV-13192
                             Honorable Victoria A. Roberts
                             United States District Judge

O.T. WINN,

    Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

Quintell R. Noel, (petitioner), confined at the Saginaw Correctional Correctional Facility in Freeland, Michigan, filed a *pro se* "Petition For Emergency Release Due to Coronavirus Pandemic", which is construed as an application for a writ of habeas corpus. *See Parks v. Winn*, No. 2:20-CV-11382, 2020 WL 3833114, at *1 (E.D. Mich. July 8, 2020). Petitioner claims that he is at risk of contracting the Covid-19 virus while incarcerated due to alleged overcrowding and the refusal of the Michigan Department of Corrections to stop non-essential activities in the prisons such as schooling to prevent the spread of the virus.

For the reasons that follow, the petition for writ of habeas corpus is SUMMARILY DENIED WITHOUT PREJUDICE.

1

## I. BACKGROUND

Petitioner claims that he is at risk of contracting the Covid-19 while incarcerated at the Saginaw Correctional Facility. Petitioner specifically claims that there is overcrowding at the prison and that prison officials refuse to stop non-essential activities such as schooling in order to prevent the spread of the virus. Petitioner seeks to be released from prison because of the risks of contracting Covid-19.

## II. DISCUSSION

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4; *see also Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.1970)(stating that the district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436

(6th Cir.1999). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141. After undertaking the review required by Rule 4, the Court concludes that the petition must be summarily denied.

Where a prisoner's habeas petition seeks release from prison by claiming that no set of conditions of confinement would be constitutionally sufficient, the claim is properly construed as challenging the fact or extent of confinement, which is a cognizable habeas claim under 28 U.S.C. § 2241. *See Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020)(*citing Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011). On the other hand, conditions of confinement claims which seek relief in the form of improvement of prison conditions or a transfer to another facility are not cognizable under § 2241. *Id.* (*citing Luedtke v. Berkebile,* 704 F.3d 465, 466 (6th Cir. 2013)).

Petitioner's claims are non-cognizable in habeas. Petitioner does not allege that no set of conditions of confinement would remedy the risk caused by Covid-19. Petitioner alleges that the prison is overcrowded and that prison officials have refused to cancel non-essential activities to stop the spread of the virus. Petitioner's allegations suggest that the risk of contracting Covid-19 could be ameliorated if prison officials ended overcrowding, postponed non-essential activities, and

followed the social distancing rules. Petitioner does not allege that no conditions of confinement would be sufficient to prevent irreparable constitutional remedy at the Saginaw Correctional Facility. Petitioner's claims are non-cognizable in a habeas petition. *Wilson v. Williams*, 961 F.3d at 838.

Claims which challenge the conditions of confinement should normally be brought as a civil rights complaint pursuant to 42 U.S.C. § 1983. *See Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). The proper course for a district court after it determines that the substance of a state prisoner's *pro se* habeas petition is a subject more appropriately reached under 42 U.S.C. § 1983 is to dismiss the petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action. *See Martin v. Overton,* 391 F. 3d 710, 714 (6th Cir. 2004)(holding that the district court should have dismissed the habeas petitioner's § 2241 petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action rather than to re-characterize it as a § 2254 petition without notice to petitioner).

### III. CONCLUSION

The Court summarily dismisses without prejudice the petition for writ of habeas corpus.

28 U.S.C. § 2253 governs appeals in habeas corpus proceedings. A state prisoner who seeks habeas corpus relief under 28 U.S.C. § 2241 must obtain a

certificate of appealability to bring an appeal from an order denying habeas relief. *See Greene v. Tennessee Dep't of Corrections*, 265 F. 3d 369, 372 (6th Cir. 2001). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

Section 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth.*, 105 F. 3d 1063, 1073 (6th 1997).

Petitioner is not entitled to a certificate of appealability; jurists of reason would not find debatable this Court's decision that Petitioner's challenge to his conditions of confinement should be brought in a civil rights complaint pursuant to 42 U.S.C. § 1983, rather than as a habeas action. *See Rachal v. Quarterman,* 265 F. App'x 371, 377 (5th Cir. 2008).

Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith. Petitioner may proceed *in forma pauperis* on appeal. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

5

## IV. ORDER

**The Court DENIES** the Petition for Writ of Habeas Corpus and a Certificate of Appealability**.**

Petitioner is **GRANTED** leave to appeal *in forma pauperis.*

                                  s/ Victoria A. Roberts
                                  **HON. VICTORIA A. ROBERTS**
**Dated: 1/5/2021**            **UNITED STATES DISTRICT JUDGE**